UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RESIDENTIAL FINANCE CORPORATION,**

    **Plaintiff,**

**-v-**     Case No.: 2:13-cv-1167
            JUDGE SMITH
            Magistrate Judge Kemp

**DANIEL JACOBS,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants Daniel Jacobs and the Belvedere Group, LLC's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 20).  The motion is fully briefed and ripe for review.  For the reasons that follow, Defendants' motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff, Residential Finance Corporation, is a corporation organized under the laws of the State of Ohio and with its principal place of business in Columbus, Ohio.  Defendant, Daniel Jacobs, is a resident of the State of North Carolina and a former employee of Residential Finance Corporation.  Defendant, Belvedere Group, is a North Carolina limited liability company that is wholly owned and operated by Jacobs.  (Am. Compl. ¶¶ 1-3, 25).

Jacobs began working for Plaintiff in January 2011 as President of Retail Branching for Residential Finance.  He then began a new role as Managing Director of Retail Branching in November 2012.  On May 8, 2013, Residential Finance and Jacobs entered into an Employment

Agreement ("Employment Agreement"), which set forth the terms of his new role. Jacobs resigned from Residential Finance on July 11, 2013. After his employment ended on July 31, 2013, a dispute arose as to whether Jacobs was entitled to severance benefits as provided in his Employment Agreement. Following discussions on this issue, the parties entered into a Supplement to the Agreement on August 20, 2013 ("Supplement").

Residential Finance then initiated this case in November 2013, alleging claims for breach of contract, unjust enrichment, fraud and conversion by Jacobs and Belvedere.[1] Jacobs also initiated a similar case against Residential Finance in the State of North Carolina Superior Court. Jacobs claims that he is owed severance payments of $30,000 per month for five months and $25,000 per month for seven months, totaling twelve months of severance payments. Residential Finance failed to make the allegedly required payments on September 5 and September 20, 2013, and advised Jacobs that it will not make any further severance payments.

Defendants Jacobs and Belvedere then filed in this Court a Motion for Temporary Restraining Order and Preliminary Injunction on February 6, 2014, after learning that Plaintiff Residential Finance would be purchased by PMAC Lending Services, Inc. ("PMAC"). Defendants have submitted a number of documents that establish said purchase. (*See* Daniel Jacobs Affidavit, attached as Exhibit A to Defs.' Mot. and 7 exhibits attached to the Affidavit). The documents include an email from Residential Finance's benefits manager explaining that Residential Finance is transitioning into PMAC and explaining COBRA benefits; an article in Inside Mortgage Finance Publications February 4, 2014 edition describing that Residential Finance is "…in the throes of finalizing a transaction whereby certain branches and employees – including two of its top executives – would join forces with PMAC…"; additional emails, and

---

[1] There is a pending Motion to Change Venue before this Court that will be addressed by a separate order.

marketing pieces illustrating Residential Finance's transition to PMAC Lending Services, Inc. Additionally, in support of Defendants' Reply, they have provided a Letter of Intent to purchase certain assets of Residential Finance, a Memorandum of Understanding, as well as a copy of Residential Finance's current website which clearly shows it is part of PMAC Lending Services.

## II.    STANDARD OF REVIEW

The Court must consider four factors in determining whether to issue a preliminary injunction and/or permanent injunction:

> (1) whether the movant has a strong or substantial likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the relief requested; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest will be served by issuance of the injunction.

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).  These four factors are "to be balanced, not prerequisites that must be met."  *Hamad v. Woodcrest Condominium Assoc.*, 328 F.3d 224, 230 (6th Cir. 2003); *see also Capobianco, D.C. v. Summers*, 377 F.3d 559, 561 (6th Cir. 2004).  Notwithstanding this balancing approach, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry.

The decision to issue a preliminary injunction lies within the sound discretion of the district court.  *See Golden v. Kelsey-Hayes*, 73 F.3d 648, 653 (6th Cir. 1996).  As noted by the Supreme Court and Sixth Circuit, "[t]he purpose of a preliminary injunction is merely to preserve the status quo until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Certified Restoration Dry Cleaning Network, L.L.C., v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).  The issuance of a preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the

circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

## III. DISCUSSION

Defendants Jacobs and Belvedere are seeking a temporary restraining order and preliminary injunction based on their position that Plaintiff Residential Finance is selling its assets. Defendants assert that if Plaintiff sells all its assets, then it would not have any funds left to pay Defendant the agreed upon severance due under the Supplement. Accordingly, Defendants are seeking an order from this Court requiring Plaintiff to escrow the severance payments due to date.[2] Because the basis for Defendants' argument is that they will suffer irreparable harm if the Court does not issue a temporary restraining order and preliminary injunction, the Court will begin its analysis with that factor.

### A. Irreparable Harm

A party's harm is irreparable if it cannot be fully compensated by money damages. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). Although no single factor is determinative of the availability of a preliminary injunction, *In re De Lorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985), a failure to demonstrate the existence of an irreparable injury absent a preliminary injunction can be fatal to a motion for preliminary injunction. *See, e.g., Southern Milk Sales, Inc., v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991). Additionally, the Sixth Circuit has specified that to demonstrate irreparable harm under the preliminary injunction test, a plaintiff must show that they will suffer "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (quoting *Monsanto Co. v. Manning*, 841 F.2d 1126 (6th Cir. 1998)).

---

[2] The North Carolina Superior Court has already ordered Residential Finance to deposit $200,000 into the trust account of Moore & Van Allen, PLLC by 5:00 p.m. Wednesday, February 19, 2014.

"Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Defendants assert that they have shown that Residential Finance is winding up its business and diverting its assets, employees and intellectual property to PMAC. Defendants contend that they will suffer irreparable injury in the absence of injunctive relief as Residential Finance will no longer be financially viable and able to pay Jacobs his severance payments. Defendants have provided substantial evidence to establish the transfer of Residential Finance to PMAC. However, Defendants have failed to establish how this transfer amounts to irreparable harm.

Plaintiff Residential Finance argues that the Asset Purchase Agreement and Letter of Intent between it and PMAC have been withdrawn, which moots any grounds for injunctive relief. Plaintiff, however, has failed to explain the transfer of employees to PMAC and the fact that Residential Finance's own website now shows it is operated by PMAC. Clearly, there has been some transfer or merger of the two companies. The Court finds Plaintiff's arguments that there simply is no purchase or transfer taking place to be disingenuous. However, Plaintiff's arguments that Defendants' claims in this case are merely for money damages and do not warrant injunctive relief are persuasive.

The loss of an ability to collect a money judgment is not usually regarded as irreparable harm under Rule 65 of the Federal Rules of Civil Procedure. The United States Supreme Court highlighted this point in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund Inc.*, 527 U.S. 308 (1999), reaffirming the principles of its earlier decision in *DeBeers Consolidated*

*Mines, Ltd. v. United States*, 325 U.S. 212 (1945).  In *Grupo*, the Supreme Court held that "the District Court had no authority to issue a preliminary injunction preventing [defendants] from disposing of their assets pending adjudication" of a contract claim for money damages.  527 U.S. at 332-33.  The Supreme Court did however discuss three exceptions to this general rule: (1) where the movant has an established legal or equitable right to the property; (2) where the injunction is necessary to preserve the Court's ability to provide equitable relief as to an equitable action; and (3) where Congress has specifically provided authority to do so.  *Id*.  Based on the pleadings, Jacobs has not established a legal or equitable right to the property.  Accordingly, none of these exceptions apply to the case at bar.

Further, in *RBS Citizens, N.A. v. M-59 Tel. Petroleum LLC*, 2013 U.S. Dist. LEXIS 18488 (E.D. Mich. Feb. 12, 2013), the plaintiff was seeking a temporary restraining order based on his belief that defendants would transfer its assets, decreasing the likelihood of collection if a judgment was attained in his favor.  The court held that "granting Plaintiff's request for a TRO would both harm the Defendants' in particular and act against good public policy, as the requirement that a creditor receive a judgment before being allowed to act upon a debtor's property 'goes to the substantive rights of all property owners.'"  *Id*. at *7, citing *Grupo Mexicano*, 527 U.S. at 323.  The court in *RBS* further stated, "rather than 'preserve the status quo' pending resolution on the merits, issuing a TRO in this matter would upset the status quo by vesting Plaintiff with an interest in Defendants' property which it currently does not possess."  *Id*.

Therefore, even if Defendants' allegations are true, and Residential Finance is transferring its assets to PMAC, Defendants cannot demonstrate sufficient irreparable harm required for injunctive relief.  "Monetary damages do not generally constitute irreparable harm."

*Manakee Professional Medical Transfer Serv. v. Shalala*, 71 F.3d 574, 581 (6th Cir. 1995).  And, as noted by the Supreme Court in *Grupo Mexicano* and the *RBS* court, granting the requested injunctive relief would harm Plaintiff, Residential Finance, and the public interest, as creditors should be required to receive a judgment before being allowed to dictate control of the property.

In summary, the Court finds that Defendants have failed to establish irreparable harm in the absence of injunctive relief, and that the failure to show irreparable harm is an independently sufficient ground upon which to deny a temporary restraining order and/or preliminary injunction.  *See In re De Lorean Motor Co.*, 755 F.2d at 1229.  Therefore, the issuance of a temporary restraining order and/or preliminary injunction is not warranted in this instance.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Temporary Restraining Order and Preliminary Injunction.  Additionally, the Court denies as moot Plaintiff's Motion for Emergency Hearing.

The Clerk shall remove Documents 20 and 24 from the Court's pending motions list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**